[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiff Hunter's Ambulance Service, Inc. brings this action against defendants office of emergency services of the state department of public health and addiction services and American Ambulance Service, Inc. The plaintiff seeks an injunction prohibiting the defendants from implementing a decision of the department granting American permission to add five ambulances and three invalid coaches to the service it provides in the New London area. Presently before the court is the defendant department's motion to dismiss. The court finds the issues in favor of the department. CT Page 375-A
The facts essential to the court's decision are not in dispute. In March 1996, American submitted an application to the department requesting authorization to expand its existing service by adding five ambulances and three invalid coaches. The department published notice of a hearing on the application in a local newspaper and sent individual written notices to certain other emergency medical service providers in the New London area. Although the plaintiff is licensed to provide such services in the New London area, the department did not send an individual written notice to the plaintiff. The department conducted the hearing on June 19, 1996. The plaintiff did not attend the hearing, nor did any other of the service providers to whom notice was sent.
Following the hearing, on August 21, 1996, the department approved American's application for the additional vehicles. In reaching its decision, the department found that American was unable adequately to respond to many requests it had received during the previous year for emergency and non-emergency service. In this connection, the department found that the additional vehicles would help American provide better service in responding to calls that it would be receiving in the CT Page 375-B future. The department also found, specifically, that "There will be no negative impact on the existing services in the area. All providers in the area received notice of the application. No providers opposed this application."
On January 8, 1997, the plaintiff filed an appeal of the department's decision pursuant to General Statutes § 4-183 and, on the same date, filed this action. The court has dismissed the administrative appeal, finding that it was not filed within the time prescribed by § 4-183. The department has filed the present motion to dismiss in this injunction action, contending that the plaintiff has failed to exhaust its administrative remedies and the court, therefore, lacks subject matter jurisdiction. Specifically, the department argues that the plaintiff must challenge the department's decision through the declaratory ruling process prescribed by General Statutes § 4-176. The court agrees.
The sole basis of the plaintiff's case against the defendants is that it did not receive individual written notice of the hearing and was thus not given an opportunity to attend the hearing and offer evidence concerning the potential impact of the addition to American's fleet of vehicles on the plaintiff's CT Page 375-C operations in the area. In this regard, General Statutes § 19a-180 provides that the department "shall hold a public hearing to determine the necessity for such services. Written notice of such hearing shall be given to current providers in the geographic region where such new or expanded services would be implemented." Because the plaintiff was not furnished individual written notice of the hearing, it argues that the department's subsequent decision on American's application is illegal and should be enjoined.
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." (Citations and internal quotation marks omitted.) Polymer Resources Ltd.v. Keeney, 227 Conn. 545, 557 (1993). In that case, plaintiff Polymer Resources Ltd. applied directly to this court for an injunction against the commissioner of environmental protection seeking to prohibit the commissioner from enforcing an order that the plaintiff contended was illegal. This court granted the injunction, and the Supreme Court reversed, holding that the plaintiff was required first to obtain a declaratory ruling from the administrative agency as to the legality CT Page 375-D of its procedure. "(I)t is the general rule that an administrative agency may and must determine whether it has jurisdiction in a particular situation . . . Because Polymer could have appealed to the Superior Court pursuant to § 4-183 from any adverse declaratory ruling by the commissioner concerning his authority to (issue the disputed ruling), Polymer was required to request such a declaratory ruling before seeking redress in court." Id., 558.
In Polymer, the Supreme Court recognized that an exception to the exhaustion rule may be found in a case where the plaintiff will suffer irreparable harm if required to request a declaratory ruling before seeking direct injunctive relief from the Superior Court. Id., 564-565. The plaintiff in the present case urges this court to find that exception applicable to its situation.
In its brief and at oral argument on this motion, the plaintiff asserts that allowing American to operate the additional vehicles will cause the plaintiff to lose business in the territory where both companies are active. The plaintiff states that it is impossible to measure its damages. As argued in its brief, "no one can determine with any degree of certainty how many calls and CT Page 375-E how much percentage of Hunter's profits will be lost because of American's expansion into its area of operation." Therefore, the plaintiff contends, the harm it will suffer will be irreparable, because unprovable, and its only adequate remedy is injunction.
There are two basic flaws in the plaintiff's argument that the potential for irreparable harm should exempt it from the requirement of exhaustion of administrative remedies. First, this court has consistently held that the potential adverse impact on a competitor's business is not a factor that the department is statutorily required to consider in determining, pursuant to § 19a-180, whether to permit a new or expanded emergency medical service in a particular area. See Medtrans Connecticut, Inc. v. Department of PublicHealth and Addiction Services, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV96 056 63 01 (December 30, 1996) and cases cited therein).[1] This being so, the failure of the department to take that factor into account would obviously not justify granting the competitor an injunction. Just as obviously, the potential adverse impact on the business of a competing ambulance company that might result from the department's decision does not constitute the CT Page 375-F irreparable harm necessary to excuse that company from exhausting its administrative remedies. Otherwise, the court would, in effect, be endorsing the very position that it has consistently rejected in the past.
Even if the kind of harm alleged by the plaintiff could legitimately support an exemption from the requirement of exhaustion of remedies, it is not clear that the plaintiff would ever be able to establish the existence of such harm in this case. First, the department's decision does not obligate the plaintiff to do anything or incur any cost. The decision does not impair any right the plaintiff has to do its own business or to seek to expand that business. With respect to the expansion of American's fleet of vehicles, which the decision does authorize, the department concluded that American needs the additional vehicles to handle its own business adequately. In that regard, the department found that American was often late in responding to calls and often found it necessary to decline to accept calls. The department found that this inability adequately to handle its own business was the result of not having a sufficient number of vehicles and that the additional vehicles will help to improve American's service to its own customers. The department did not find that the CT Page 375-G additional vehicles would enable American to expand its business at the expense of its competitors. Indeed, as noted, the department found that the expansion would not have a negative effect on other companies.
In summary, there is nothing in the evidence, in the department's decision, or even in the allegations put forth by the plaintiff that would substantiate the plaintiff's claim that it will suffer irreparable harm as a result of the department's decision allowing American to use the additional vehicles. At most, the plaintiff expresses generalized fears and apprehensions that its business will suffer, but that is not sufficient to justify injunctive relief, Karls v. Alexandra RealtyCorporation, 179 Conn. 390, 402 (1980); and, likewise, it may not excuse the necessity of exhausting available administrative remedies.
The court concludes that the plaintiff has an available administrative remedy, a petition for a declaratory ruling pursuant to General Statutes § 4-176, and that such remedy is adequate under the circumstances of this case. For that reason, the court lacks subject matter jurisdiction over this action.
The motion of the department to dismiss is granted. CT Page 375-H
MALONEY, J.